UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

TYRESS BERNARD DAVIS,

     Plaintiff,

v.                                   CASE NO. 6:07-cv-887-Orl-31DAB

DONALD ESLINGER, et al.,

     Defendants.

_____

## SHOW CAUSE ORDER

Plaintiff, confined in a Florida prison and proceeding *pro se*, initiated this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 against various defendants.  (Doc. No. 1). Plaintiff filed an amended complaint on July 2, 2007. (Doc. No. 9).  In an Order dated July 10, 2007, this Court granted in part, Plaintiff's motion to proceed *in forma pauperis*.  (Doc. No. 15).

### *The Three Strikes Rule*

Upon review, this Court finds that Plaintiff's complaint is subject to dismissal pursuant to 28 U.S.C. § 1915(g).  Section 1915(g) of Title 28, which is referred to as the "three strikes rule" limits a prisoner's ability to bring a civil action *in forma pauperis* under certain circumstances:

> (g)    In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  The Eleventh Circuit Court of Appeals has held that dismissal of an action for abuse of process counts toward the "three strikes" rule. *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir.

1998) (noting that "dismissal for abuse of the judicial process is precisely the type of strike that Congress envisioned when drafting section 1915(g)").

Plaintiff has had two cases dismissed for abuse of process due to Plaintiff's false and incomplete submissions to this Court – Case No. 3:02-cv-106-J-HWM, and Case No. 3:01-cv-759-J-25HTS.  Plaintiff had a third case dismissed as frivolous pursuant to 28 U.S.C. § 1915A(b) – Case No. 6:02-cv-010-Orl-22JGG.  Accordingly, Plaintiff is subject to the "three strikes" rule and must pay the filing fee in full at the time he initiates a civil rights lawsuit.  *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002).  Plaintiff did not pay the filing fee in full at the time he initiated the instant lawsuit.  Further, due to Plaintiff's incomplete responses on his complaint and amended complaint, this Court was unaware of the prior dismissals and granted Plaintiff's motion to proceed *in forma pauperis*.  Accordingly, pursuant to the three strikes rule, this Court must vacate its Order granting Plaintiff leave to proceed *in forma pauperis*.

### Abuse of Process

This action also is subject to dismissal due to Plaintiff's abuse of process.  "This Court has the authority to control and manage matters such as this pending before it[,] [and] . . . will not tolerate false responses and/or statements in any pleading or motion filed for consideration by the Court.  If the Court cannot rely on the statements and/or responses made, it threatens the quality of justice."  *Rolle v. Crosby*, 2005 WL 3087863, *2 (M.D. Fla. Nov. 16, 2005).

On Plaintiff's initial complaint and his amended complaint, Section IV(B) includes the question:  "Have you initiated other lawsuits in federal court dealing with the same or similar facts involved in this action *or otherwise relating to your imprisonment or conditions thereof*?"  (Doc. No. 9 at 5 (emphasis added)).  There are parenthetical areas to mark either yes or no.  *Id.*  Plaintiff

2

checked yes on his complaint and amended complaint; however, he provided a false response to Section IV.C, which requires the plaintiff to "describe each lawsuit in the space provided . . . [and *if] there is more than one lawsuit, describe all additional lawsuits on a separate piece of paper, using the same format as below.*"  Even though Plaintiff has previously filed *seven* civil rights lawsuits in this district court, he referenced only one lawsuit in his response.  *Id.* at IV.C.6.  On the last page of the Amended Complaint, Plaintiff signed his name after the following statement: "I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT."  (Doc. No. 9 at 20).

This Court takes judicial notice of Plaintiff's previous filings:  3:88-cv-606-J-14 (prisoner civil rights suit);  6:98-cv-476-Orl-22A (prisoner civil rights suit);  3:00-cv-365-J-20HTS (prisoner civil rights suit);  3:01-cv-759-J-25HTS (prisoner civil rights suit);  3:01-cv-957-J-25TEM (prisoner civil rights suit);  6:02-cv-10-Orl-22JGG (prisoner civil rights suit);  and 3:02-cv-106-J-HWM (prisoner civil rights suit).

Because Plaintiff falsely responded to section IV(C) of the civil rights form by indicating that he had filed only one other lawsuit in federal court when he had actually filed *seven* prior lawsuits, this action is subject to dismissal as a sanction for abuse of process.  This Court assumes that Plaintiff understands the importance of providing complete and truthful statements in his submissions to this Court, given that he has had two prior lawsuits dismissed for failing to respond truthfully to the very questions at issue here  –  Case No. 3:02-cv-106-J-HWM and Case No. 3:01-cv-759-J-25HTS.  Plaintiff is advised that such conduct in the future will not be tolerated and may result in punitive sanctions.

*Conclusion*

Accordingly, it is now **ORDERED AND ADJUDGED**:

1.      This Court's Order dated July 10, 2007, granting in part Plaintiff's Motion to Proceed

*In Forma Pauperis* (Doc. No. 15) is **VACATED.**

2.      If Plaintiff wishes to continue this action, he shall pay the full filing fee within

**ELEVEN (11) DAYS** from the date of this Order.

3.      Further, within **ELEVEN (11) DAYS** from the date of this Order, Plaintiff shall show

cause why this action should not be dismissed for abuse of process.

**DONE AND ORDERED** at Orlando, Florida this 17th day of September, 2007.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
pslc 9/17
Tyress Bernard Davis